**Rule 1042.3. Certificate of Merit**

(a)   In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

> Note:  The requirements of subdivision (a) apply to a claim for lack of informed consent.

(1)  an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

> Note:  It is not required that the ''appropriate licensed professional'' who supplies the necessary statement in support of a certificate of merit required by subdivision (a)(1) be the same person who will actually testify at trial. It is required, however, that the ''appropriate licensed professional'' who supplies such a statement be an expert with sufficient education, training, knowledge and experience to provide credible, competent testimony, or stated another way, the expert who supplies the statement must have qualifications such that the trial court would find them sufficient to allow that expert to testify at trial. For example, in a medical professional liability action against a physician, the expert who provides the statement in support of a certificate of merit should meet the qualifications set forth in Section 512 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P. S. §  1303.512.

(2)   the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

Note: A certificate of merit, based on the statement of an appropriate licensed professional required by subdivision (a)(1), must be filed as to the other licensed professionals for whom the defendant is responsible. The statement is not required to identify the specific licensed professionals who deviated from an acceptable standard of care. **The purpose of this subdivision is to ensure that a claim of vicarious liability made against a defendant is supported by a certificate of merit. Separate certificates of merit as to each licensed professional for whom a defendant is alleged to be responsible are not required. Only a single certificate of merit as to a claim under subdivision (a)(2) is required.**

(3)     expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Note: In the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim, in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation.

(b)(1)     A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

**Note*: This subdivision relates to licensed professionals named as defendants. It should not be interpreted to require certificates of merit under subdivision (a)(2) or otherwise as to non-defendant licensed professionals.**

(2)     If a complaint raises claims under both subdivisions (a)(1) and (a)(2) against the same defendant, the attorney for the plaintiff, or the plaintiff if not represented, shall file

(i)     a separate certificate of merit as to each claim raised, or

(ii)     a single certificate of merit stating that claims are raised under both subdivisions (a)(1) and (a)(2).

2

(c)(1) A defendant who files a counterclaim asserting a claim for professional **[responsibility]** <u>liability</u> shall file a certificate of merit as required by this rule.

(2)     A defendant or an additional defendant who has joined a licensed professional as an additional defendant or asserted a cross-claim against a licensed professional need not file a certificate of merit unless the joinder or cross-claim is based on acts of negligence that are unrelated to the acts of negligence that are the basis for the claim against the joining or cross-claiming party.

(d)     The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of non pros on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

> Note: There are no restrictions on the number of orders that a court may enter extending the time for filing a certificate of merit provided that each order is entered pursuant to a new motion, timely filed and based on cause shown as of the date of filing the new motion.
>
> The moving party must act with reasonable diligence to see that the motion is promptly presented to the court if required by local practice.
>
> In ruling upon a motion to extend time, the court shall give appropriate consideration to the practicalities of securing expert review. There is a basis for granting an extension of time within which to file the certificate of merit if counsel for the plaintiff was first contacted shortly before the statute of limitations was about to expire, or if, despite diligent efforts by counsel, records necessary to review the validity of the claim are not available.

3

(e)     If a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall, in addition to the other requirements of this rule, attach to the certificate of merit the written statement from an appropriate licensed professional as required by subdivisions (a)(1) and (2). If the written statement is not attached to the certificate of merit, a defendant seeking to enter a judgment of non pros shall file a written notice of intent to enter a judgment of non pros for failure to file a written statement under Rule 1042.11.